1   Naomi A. Carry, SBN: 182887  (ncarry@dykema.com)
    **DYKEMA GOSSETT LLP**
2   333 South Grand Avenue
    Suite 2100
3   Los Angeles, California 90071
    Telephone:  (213) 457-1800
4   Facsimile:  (213) 457-1850

5   Thomas M. Hanson, SBN: 184465  (thanson@dykema.com)
    **DYKEMA GOSSETT PLLC**
6   2723 S State St., Ste. 400
    Ann Arbor, Michigan 48104
7   Telephone:  (734) 214-7660
    Facsimile:  (734) 214-7696

8
9   Attorneys for Defendant INDYMAC BANCORP, INC.
    and the Federal Deposit Insurance Corp., as Receiver for
    Defendant INDYMAC BANK, F.S.B.

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**
12
13                          **CV 08-05723 MMM (AGRx)**

14  JOEL RIVERA, an individual on behalf       Case No.
    of himself and all others similarly
    situated,
15
             Plaintiffs,                        **NOTICE OF REMOVAL**
16
          vs.
17
    INDYMAC BANCORP, INC., a
18  Delaware corporation; FEDERAL
    DEPOSIT INSURANCE
19  CORPORATION, as Receiver for
    INDYMAC BANK, F.S.B.; and DOES 1
20  through 100, inclusive,

21           Defendants.

22

23

24              **NOTICE OF REMOVAL**

25       Pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441, the Federal

26  Deposit Insurance Corporation ("FDIC"), as Receiver for IndyMac Bank, F.S.B.

27  ("FDIC-R"),  hereby removes the above-captioned lawsuit from the Superior Court

28  California, County of Los Angeles – Central District, in which it currently is pending,

                          NOTICE OF REMOVAL

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

FILED
2008 SEP -2  PM 12:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

to the United States District Court for the Central District of California.  As grounds

for the removal of this case, FDIC-R states as follows:

## BACKGROUND

1.      Plaintiff Joel Rivera filed a putative class action in Case No. BC 378843

in the Superior Court of California, County of Los Angeles – Central District, seeking

recovery of damages and injunctive relief based on allegations that defendant failed

to properly disclose a prepayment penalty and yield spread premium in connection

with a home mortgage loan it made to plaintiff.

2.      On July 11, 2008, IndyMac Bank, F.S.B., Pasadena, California

("IndyMac") was closed by the Office of Thrift Supervision ("OTS") and the Federal

Deposit Insurance Corporation was appointed as receiver (the "Receiver"). A true and

correct copy of the OTS's Order appointing the FDIC as Receiver for IndyMac is

attached hereto as Exhibit 1.

3.      FDIC-R has succeeded to all rights, titles, and powers and privileges of

IndyMac, pursuant to 12 U.S.C. § 1821 (c)(3)(A).  As such, FDIC-R stands in the

shoes of IndyMac with respect to all matters.

4.      On or about August 11, 2008, pursuant to the stipulation of the parties,

the Superior Court entered an Order substituting FDIC-R for IndyMac as the Real

Party in Interest.  A copy of the Order reflecting the substitution of FDIC-R as a party

to the State Court action is attached as Exhibit 2.

## BASIS FOR REMOVAL

5.      The case is removable pursuant to 28 U.S.C. § 1441(b) which provides

in relevant part:

> Any civil action of which the district courts have original
> jurisdiction founded on a claim or right arising under the
> Constitution, treaties or laws of the United States shall be
> removable without regard to the citizenship or residence of
> the parties.

6.      Any civil suit in which the FDIC, in any capacity, is a party is "deemed

to arise under the laws of the United States."  12 U.S.C. § 1819(b)(2)(A);  *see also*

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1   *Bullion Services, Inc. v. Valley State Bank*, 50 F.3d 705 707 (9th Cir. 1995). When

2   the FDIC is a party, the entire action is deemed to arise under the laws of the United

3   States. *Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993).

4           7.      Further, the FDIC has a statutory right to remove cases in which it is a

5   party from state court to federal court pursuant to the Financial Institution Reform,

6   Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, § 209, 103 Stat. 183 *et*

7   *seq.* Specifically, 12 U.S.C. § 1819(b)(2)(B) provides in pertinent part:

8               (B)  Removal

9               Except as provided in subparagraph (D), the Corporation
                may, without bond or security, remove any action, suit, or
10              proceeding from a State court to the appropriate United
                States district court before the end of the 90-day period
11              beginning on the date of the action, suit, or proceeding is
                filed against the Corporation or the Corporation is
12              substituted as a party.

13          8.      The instant Notice of Removal is being brought within the 90-day period

14  from the date FDIC-R was substituted as a party in the State Court action.

15          9.      Because FDIC-R is now a party to the State Court action, the entire State

16  Court action must be removed to the United States District Court for the Central

17  District of California.

18          10.     FDIC-R has promptly served notice of the filing of this removal to all

19  parties of record in the State Court action, and to the Clerk of the Superior Court of

20  California, County of Los Angeles – Central District, pursuant to 28 U.S.C. §

21  1446(d).

22          11.     Venue properly lies with this Court pursuant to 28 U.S.C. § 1441(a) and

23  1446(a), as this action is presently pending in the Los Angeles Superior Court.

24  ///

25  ///

26  ///

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

3
NOTICE OF REMOVAL

1        12.    A copy of all process, pleadings and orders served by or upon FDIC-R is

2    attached to this Notice of Removal as Exhibits 3-5 as required by 28 U.S.C. §

3    1446(a).

4                             Respectfully submitted,

5    Dated: September 2, 2008         DYKEMA GOSSETT LLP

6

7                       By:  _____

                             Thomas M. Hanson

8                           Attorneys for the Federal Deposit

                           Insurance Corporation, as Receiver for

9                           Indymac Bank, F.S.B.

10

11

12

13    AA01\217615.1

        ID\TMH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT 1

<u>OFFICE OF THRIFT SUPERVISION</u>

<u>Pass-Through Receivership Of A Federal Savings Association
Into A De Novo Federal Savings Association
That is Placed Into Conservatorship
With the FDIC</u>

Date:  July //, 2008

Order No.: 2008-24

The Director of the Office of Thrift Supervision ("OTS"), or his designee, in cooperation with the Federal Deposit Insurance Corporation ("FDIC"), has determined: (1) to appoint the FDIC as receiver for the savings association specified below ("OLD THRIFT"); (2) to approve the FDIC's request for the issuance of a new federal mutual savings association charter ("NEW THRIFT") as a successor to OLD THRIFT; (3) to approve the transfer of such assets and liabilities of OLD THRIFT to its successor NEW THRIFT, as the FDIC has determined to be appropriate; and (4) to appoint the FDIC as conservator of NEW THRIFT.  Collectively, numbers 2 through 4 of the foregoing are referred to herein as the "APPLICATIONS."

"OLD THRIFT," refers to:

| Name | Location | OTS No. |
|------|----------|---------|
| IndyMac Bank, F.S.B. | Pasadena, California. | 03970 |

## I.  GROUNDS FOR ACTIONS TAKEN IN THIS ORDER:

### <u>RECEIVERSHIP;</u>
### <u>GROUNDS FOR APPOINTMENT OF FDIC AS</u>
### <u>RECEIVER FOR OLD THRIFT</u>

The Director, or his designee, based upon the administrative record finds and determines that:

OLD THRIFT has insufficient cash and liquid assets convertible to cash necessary to pay the expected withdrawal demands of its depositors.  OLD THRIFT has suffered significant deposit outflows, exceeding $1 billion since June 26, 2008, in part because of adverse publicity.  Further, because OLD THRIFT is not well capitalized, it cannot renew its large volume of brokered deposits, which will create an additional deposit outflow.  In addition, OLD THRIFT has limited and diminishing liquidity sources available to it. There has been significant disruption in the markets for the types of assets, mortgage backed securities and mortgage servicing rights, held by OLD THRIFT.  Therefore, those

5

assets that are not already subject to liens may not be marketable or only can be sold at prices that would result in OLD THRIFT failing to meet its capital requirements. Moreover, OLD THRIFT's mortgage servicing rights are the major source of OLD THRIFT's current earnings. In addition, the consequences of OLD THRIFT's top-tier holding company's July 7, 2008 public disclosure of adverse information, and the curtailment of forward mortgage lending and resulting downsizing, place OLD THRIFT in a precarious position and OLD THRIFT has been unable to find anyone who is willing and able to invest sufficient capital to alleviate its problems.

OLD THRIFT has suffered losses amounting to approximately $842 million from the third quarter of 2007 to the first quarter of 2008 and projects to report another $354 million loss for the second quarter of 2008. OLD THRIFT is in an unsafe and unsound condition as a result of its severe liquidity strain, deteriorating asset quality, continuing significant negative operating earnings, and declining capital with no realistic prospects for raising capital to ensure that it can repay all of its liabilities, including deposits.

OLD THRIFT has been unsuccessful in its attempts to find investors who are willing and able to recapitalize OLD THRIFT, given OLD THRIFT's current financial condition, ongoing deposit outflows, lack of liquidity, and continued asset quality deterioration. Further, OLD THRIFT projected that it would be undercapitalized as of June 30, 2008. In addition to other asset write-down's which OLD Thrift should be taking, OLD THRIFT is likely to be unable to meet its depositors' demands and other obligations in the normal course of business, and therefore, OLD THRIFT should immediately recognize additional losses on assets held for sale. The losses OLD THRIFT should recognize will result in OLD THRIFT being classified as undercapitalized. Moreover, because efforts to raise capital have proven unsuccessful, there is no reasonable prospect of OLD THRIFT becoming adequately capitalized without Federal assistance.

Therefore, the Director, or his designee, has concluded that:

(a) OLD THRIFT is likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business because it does not have sufficient liquid assets to fund expected withdrawals;

(b) OLD THRIFT is in an unsafe and unsound condition to transact business due to its lack of capital and its illiquid condition;

(c) OLD THRIFT is undercapitalized as defined in section 38(b) of the FDIA, and has no reasonable prospect of becoming adequately capitalized as defined in section 38(b) of the FDIA.

The Director, or his designee, therefore, has determined that grounds for the appointment of a receiver for OLD THRIFT exist under section 5(d)(2) of the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1464(d)(2) and section 11(c)(5) of the FDIA, 12 U.S.C. § 1821(c)(5).

## TRANSFER INTO A NEW FEDERAL CHARTER:
## GROUNDS FOR ISSUANCE OF NEW FEDERAL CHARTER AND
## APPROVAL OF TRANSFER OF ASSETS AND LIABILITIES OF
## OLD THRIFT TO NEW THRIFT

The FDIC, as receiver of OLD THRIFT, has applied for authority to organize a new Federal mutual savings association, NEW THRIFT, that is to take over such assets and such liabilities of OLD THRIFT as the FDIC has determined to be appropriate, pursuant to section 11(d)(2)(F)(i) of the FDIA, 12 U.S.C. §1821(d)(2)(F)(i). The FDIC would insure the accounts of NEW THRIFT.

The Director, or his designee: (i) has considered the factors set forth in section 5(e) of HOLA, 12 U.S.C. § 1464(e), with regard to granting a new federal savings association charter, has determined that the charter should be issued, that NEW THRIFT is authorized to transact business as a savings association, and that the charter and bylaws to be issued for NEW THRIFT are in a form consistent with the material provisions of the applicable regulations; and (ii) has considered the factors set forth in section 18(c) of the FDIA, 12 U.S.C. § 1828(c), and 12 C.F.R. § 563.22 with respect to the acquisition of certain assets and assumption of certain liabilities of OLD THRIFT by NEW THRIFT. Immediate action is necessary given the seriously adverse financial condition of OLD THRIFT and in order to permit NEW THRIFT to acquire certain assets and assume certain liabilities of OLD THRIFT and continue to serve OLD THRIFT's community and customers.

For the foregoing reasons, the Director, or his designee, has determined that, pursuant to 12 C.F.R. §§ 563.22 (e) and 543.7-1, public notice of the APPLICATIONS shall not be required. In addition, the Director, or his designee, finds that OTS must act immediately in order to prevent the probable default of OLD THRIFT. Therefore, the publication of notice required by section 18(c)(3) of the FDIA, the reports on the competitive factors of the acquisition required by section 18(c)(4) of the FDIA, and the delayed consummation required by section 18(c)(6) of the FDIA, shall be dispensed with. Accordingly, NEW THRIFT may immediately acquire the assets and assume the liabilities determined to be appropriate by the FDIC.

## CONSERVATORSHIP:

## GROUNDS FOR APPOINTMENT OF FDIC AS
## CONSERVATOR FOR NEW THRIFT

The FDIC has indicated that, immediately upon the completion of the organization of NEW THRIFT (which will be federally chartered) and completion of the transfer of the aforesaid assets and liabilities of OLD THRIFT to NEW THRIFT, it will, in the exercise of its authority to act as the board of directors of NEW THRIFT pursuant to section 11(d)(2)(B) of the FDIA, 12 U.S.C. § 1821(d)(2)(B), consent to the OTS

appointing the FDIC as conservator for NEW THRIFT. Moreover, NEW THRIFT will have virtually the same capital and liquidity as OLD THRIFT had immediately prior to the appointment of a receiver for OLD THRIFT and, therefore, the grounds set forth in Section I above for appointment of the receiver for OLD THRIFT, are also applicable as grounds for the appointment of a conservator for NEW THRIFT.

## II. ACTIONS ORDERED OR APPROVED:

### APPOINTMENT OF A RECEIVER

The Director, or his designee, hereby appoints the FDIC as receiver for OLD THRIFT, for the purpose of liquidation, pursuant to section 5(d)(2) of HOLA, 12 U.S.C. §1464(d)(2), and section 11(c)(6)(B) of the FDIA, 12 U.S.C. § 1821(c)(6)(B).

### ISSUANCE OF A FEDERAL CHARTER AND APPROVAL OF THE PASS-THROUGH OF ASSETS AND LIABILITIES

The Director, or his designee, hereby approves: (1) the application of the FDIC to organize NEW THRIFT as a federal mutual savings association (and hereby authorizes the issuance of an appropriate charter and bylaws for NEW THRIFT in form and content approved by the Chief Counsel's Office); (2) the transfer of such assets and liabilities of OLD THRIFT to its successor, NEW THRIFT, as the FDIC has determined to be appropriate; and (3) the retention of the home and branch offices of OLD THRIFT by its successor, NEW THRIFT. Prior to the appointment or election of a board of directors for NEW THRIFT, the FDIC may, in addition to any other powers granted by applicable law, exercise the powers of the board of directors pursuant to section 11(d)(2)(B) of the FDIA, 12 U.S.C. § 1821(d)(2)(B).

### APPOINTMENT OF A CONSERVATOR FOR NEW THRIFT

The Director, or his designee, hereby appoints the FDIC as conservator for NEW THRIFT pursuant to sections 5(d)(2)(A) and (E) of the HOLA, 12 U.S.C. §§ 1464(d)(2)(A), 1464(d)(2)(E), effective upon receipt of the consent of NEW THRIFT to such appointment. That consent must be contained in a resolution of its board of directors issued by the FDIC in exercise of its power, as the organizer of NEW THRIFT, to act as its interim board of directors pursuant to section 11(d)(2)(B) of the FDIA, 12 U.S.C. § 1821(d)(2)(B).

5        OTS ORDER No.: 2008-24

## DELEGATION OF AUTHORITY TO ACT FOR OTS

The Director, or his designee, hereby authorizes the OTS West Region Director, or his designee, and the Deputy Chief Counsel for the Business Transactions Division of the Chief Counsel's office, or his designee, to:  (1) certify orders; (2) sign, execute, attest or certify other documents of OTS issued or authorized by this Order; (3) designate the person or entity that will give notice of the appointment of a receiver for OLD THRIFT and serve OLD THRIFT with a copy of this Order pursuant to 12 C.F.R. § 558.2; (4) designate the person or entity that will give notice of the appointment of a conservator for NEW THRIFT and serve NEW THRIFT with a copy of this Order pursuant to 12 C.F.R. § 558.2; and (5) perform such other functions of OTS necessary or appropriate for implementation of this Order.  All documents to be issued under the authority of this Order must be first approved, in form and content, by the Chief Counsel's Office.  In addition, the Director, or his designee, hereby authorizes the Deputy Chief Counsel for the Business Transactions Division of the Chief Counsel's office, or his designee, to make any subsequent technical corrections, that might be necessary, to this Order or any documents issued under the authority of this Order.

By Order of the Director of OTS, effective July _11_, 2008.

John M. Reich
Director

**9**

# EXHIBIT 2



1   Naomi A. Carry, SBN: 182887 (ncarry@dykema.com)
**DYKEMA GOSSETT LLP**
2   333 South Grand Avenue
Suite 2100
3   Los Angeles, California 90071
Telephone: (213) 457-1800
4   Facsimile: (213) 457-1850

5   Thomas M. Hanson, SBN: 184465 (thanson@dykema.com)
**DYKEMA GOSSETT PLLC**
6   2723 S State St., Ste. 400
Ann Arbor, Michigan 48104
7   Telephone: (734) 214-7660
Facsimile: (734) 214-7696

8

9   Attorneys for Defendant INDYMAC BANCORP, INC.
and the Federal Deposit Insurance Corp., as Receiver for
Defendant INDYMAC BANK, F.S.B.

10

**ORIGINAL FILED**

AUG 12 2008

LOS ANGELES
SUPERIOR COURT

11      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12      **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

13

14   JOEL RIVERA, an individual on behalf of
himself and all others similarly situated,

15            Plaintiffs,

16        vs.

17   INDYMAC BANCORP, INC., a Delaware
corporation; INDYMAC BANK, F.S.B., a
18   Delaware corporation; and DOES 1 through
100, inclusive,

19            Defendants.

20

Case No. BC 378843

Assigned to:   Hon. Soussan G. Bruguera
Dept.:        71

**STIPULATION AND ORDER FOR
SUBSTITUTION OF THE FEDERAL
DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR INDYMAC BANK,
F.S.B., AS REAL PARTY IN INTEREST**

Complaint filed: 10/09/07
**AMENDED COMPLAINT FILED: 12/14/07**

21

22       This stipulation is entered into by and among Federal Deposit Insurance Corporation (the

23   "FDIC"), as the duly appointed Receiver for defendant, Indymac Bank, F.S.B. ("Indymac"), and

24   Plaintiff Joel Rivera ("Plaintiff"), as follows:

25       WHEREAS, On July 11, 2008, the Office of Thrift Supervision closed Indymac and duly

26   appointed the FDIC as Receiver;

27

28

*DYKEMA GOSSETT LLP*
*333 SOUTH GRAND AVENUE*
*SUITE 2100*
*LOS ANGELES, CALIFORNIA 90071*

**10**

1    WHEREAS, Pursuant to Section 1821(d)(12) of the Federal Deposit Insurance Act (the

2  "Act"), 12 U.S.C. § 1821(d)(12)(A)(ii), the Federal Deposit Insurance Corporation (the "FDIC"),

3  was appointed Receiver for defendant, Indymac;

4    WHEREAS, Under the Act, as Receiver, the FDIC succeeds to "all rights, titles, powers and

5  privileges of" the bank, and may "take over the assets of and operate" the bank with all the powers

6  thereof, including the resolution of outstanding claims against the institution in receivership;

7    WHEREAS, as the real party in interest, the FDIC, as Receiver for Indymac, has stepped

8  into Indymac's shoes for the purpose of this litigation;

9    WHEREAS, pursuant to California Code of Civil Procedure Section 368.5, where the

10  interests of a litigant have been transferred to another entity, "the court may allow the person to

11  whom the transfer is made to be substituted in the action or proceeding"; and

12    WHEREAS, Plaintiff has no objection to the substitution the FDIC, as Receiver for

13  Indymac, as the real party in interest;

14    **NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE**, through

15  their respective counsel of record, that the FDIC, as Receiver, shall substitute itself for Indymac as the

16  real party in interest and re-caption this case to reflect the same.

17    IT IS SO STIPULATED.

18
19  Dated: August 1, 2008               DYKEMA GOSSETT LLP

20                                      By: _____
21                                          Thomas M. Hanson
                                            Attorneys for the Federal Deposit Insurance
22                                          Corporation, as Receiver for Indymac Bank,
                                            F.S.B.
23
24
25
26
27
28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

2
STIPULATION AND ORDER FOR SUBSTITUTION OF FDIC AS REAL PARTY IN INTEREST

Dated: August 1, 2008

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVID P. MEYER & ASSOCIATES CO., LPA

By: _____
    Marnie C. Lambert
    DAVID P. MEYER & ASSOCIATES CO., LPA
    1320 Dublin Road, Suite 100
    Columbus, OH 43215
    Telephone (614) 358-3283
    Telecopier (614) 224-6066
    Email dmeyer@dmlaws.com
    Email mlambert@dmlaws.com

Ryan K. Bakhtiari, Esq.
AIDIKOFF, UHL & BAKHTIARI
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone (310) 274-0666
Telecopier (310) 859-0513
Email rbakhtiari@aol.com

David Harrison, Esq.
LAW OFFICES OF DAVID HARRISON
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone (310) 499-4732
Telecopier (310) 499-4740
Email dshesq@gmail.com

David Spivak, Esq.
THE SPIVAK LAW FIRM
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone (310) 499-4730
Telecopier (310) 499-4739
Email david@spivaklaw.com

Thomas A. Hargett, Esq.
MADDOX HARGETT & CARUSO, P.C.
10100 Lantern Road, Suite 150
Fishers, IN 46037
Telephone (317) 598-2052
Telecopier (317) 598-2050
E-mail thargett@mhclaw.com

Attorneys for Plaintiff

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1

<u>ORDER</u>

2   This matter having come before the Court by stipulation of the Parties, and the Court being

3 fully advised in the premises,

4   IT IS HEREBY ORDERED THAT that the Federal Deposit Insurance Corporation, as

5 Receiver, shall be and hereby is substituted for Indymac Bank, F.S.B. as the real party in interest, and

6 that this case be re-captioned to reflect the same.

7

8 Date: _____   _____

  AA01\216384.1        JUDGE OF THE SUPERIOR COURT

9 ID\TMH

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

4

STIPULATION AND ORDER FOR SUBSTITUTION OF FDIC AS REAL PARTY IN INTEREST

13

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

3

4

5

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 S. Grand Ave., 21st Fl., Los Angeles, CA 90071.

6

7

On August 1, 2008, I served the foregoing document described as STIPULATION AND ORDER FOR SUBSTITUTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B., AS REAL PARTY IN INTEREST on all interested parties in this action
☐ by placing true copies thereof in sealed envelopes addressed as stated on the attached mailing list.
☒ by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

8

9

## SEE ATTACHED SERVICE LIST

10

☒    **BY MAIL** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

11

12

13

☐    **PERSONAL SERVICE** I delivered such envelope(s) by hand to the offices of the addressee(s).

14

☐    **OVERNIGHT COURIER** I am readily familiar with the firm's practice of collection and processing correspondence for overnight courier. On the same day that correspondence is placed for collection and delivery, it is deposited in the ordinary course of business in a sealed envelope to the addressee(s), fully prepaid, and deposited at an office or a regularly utilized drop box of the overnight delivery carrier.

15

16

☐    **FACSIMILE** I caused the above referenced document to be transmitted by facsimile transmission from facsimile number (213) 457-1850 to the offices of the addressee(s) at the facsimile number(s) so indicated above. The transmission was reported as complete and without error. A copy of the transmission report issued by the transmitting facsimile machine is attached.

17

18

☐    **E-MAIL** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

19

20

21

☒    (State) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

22

☐    (Federal) I declare that I employed in the office of a member of the bar of this court at whose direction the service was made.

23

24

Executed on August 1, 2008, at Los Angeles, California.

25

26

Caroline Acossano
Print or Type Name

Signature

27

28

14

## SERVICE LIST

*Joel Rivera v. Indymac Bancorp, Inc.a Delaware Corporation; Indymac Bank,*
*F.S.B., a Delaware Corporation; etc., et al. .*
Case No.: BC378843

| | |
|---|---|
| Philip M. Aidikoff, Esq.<br>Robert A. Uhl, Esq.<br>Ryan K. Bakhtiari, Esq.<br>AIDIKOFF, UHL & BAKHTIARI<br>9454 Wilshire Blvd., Suite 303<br>Beverly Hills, California 90212<br>Telephone: 310-274-0666<br>Facsimile: 310-859-0513<br>Email: rbakhtiari@aol.com | Attorneys for Plaintiffs Joel Rivera,<br>an individual; on behalf of himself<br>and all others similarly situated. |
| David Harrison, Esq.<br>LAW OFFICES OF DAVID HARRISION<br>9454 Wilshire Blvd., Suite 303<br>Beverly Hills, California 90212<br>Telephone: 310-499-4732<br>Facsimile: 310-499-4740<br>E-Mail: dshesq@gmail.com | Attorneys for Plaintiffs Joel Rivera,<br>an individual; on behalf of himself<br>and all others similarly situated. |
| David Spivak, Esq.<br>THE SPIVAK LAW FIRM<br>9454 Wilshire Blvd., Suite 303<br>Beverly Hills, California 90212<br>Telephone: 310-499-4730<br>Facsimile: 310-499-4739<br>E-Mail: david@spivaklaw.com | Attorneys for Plaintiffs Joel Rivera,<br>an individual; on behalf of himself<br>and all others similarly situated. |

PAS01\65771.1
ID\NAC

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

2

15

# EXHIBIT 3

SUMMONS
(CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INDYMAC BANCORP, INC.,a Delaware corporation;
INDYMAC BANK, F.S.B.,a Delaware corporation; RECEIVED BY LEGAL DEPARTMENT
~~DOES 1 through 100~~

NOV 0 7 2007
Personal
3:28 pm

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 0 9 2007

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
D.M. SWAIN

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOEL RIVERA, an individual on behalf of himself and
all others similarly situated

CASE NUMBER:
*(Número del Caso):*
BC378843

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

111 NORTH HILL STREET
Los Angeles, CA                                    90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RYAN K. BAKHTIARI, ESQ. (SBN 199147)   (310) 274-0666/ (310) 859-0513 FAX
AIDIKOFF, UHL & BAKHTIARI
9454 WILSHIRE BOULEVARD, SUITE 303
BEVERLY HILLS, CA 90212
DATE: 10/09/07        John A. Clarke      Clerk, by _____, Deputy
*(Fecha)*   OCT 0 9 2007      *(Secretario)*      D.M. Swain   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Indymac Bancorp, Inc., a Delaware corporation

   under ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11-7-07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
WWW.ATFORMS.COM 1-800-617-4202

SUMMONS

Code of Civil Procedure §§ 412.20, 465

16

Philip M. Aidikoff, Esq. (SB#65014)
Robert A. Uhl, Esq. (SB#75124)
Ryan K. Bakhtiari, Esq. (SB#199147)
**AIDIKOFF, UHL & BAKHTIARI**
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone (310) 274-0666 • Telecopier (310) 859-0513
Email rbakhtiari@aol.com

David Harrison, Esq. (SB#206279)
**LAW OFFICES OF DAVID HARRISON**
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone (310) 499-4732 • Telecopier (310) 499-4740
Email dshesq@gmail.com

David Spivak, Esq. (SB#179684)
**THE SPIVAK LAW FIRM**
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone (310) 499-4730 • Telecopier (310) 499-4739
Email david@spivaklaw.com

*Additional counsel listed on last page of Complaint*
Attorneys for Plaintiffs

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 09 2007

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
          D.M. SWAIN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES - CENTRAL DISTRICT

### UNLIMITED CIVIL CASE

| | |
|---|---|
| JOEL RIVERA, an individual on behalf of himself and all others similarly situated, | CASE NO. BC378843 |
| Plaintiffs, | CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |
| vs. | |
| INDYMAC BANCORP, INC., a Delaware corporation; INDYMAC BANK, F.S.B., a Delaware corporation; and DOES 1 through 100, | |
| Defendants. | DEMAND FOR JURY TRIAL |

1

CLASS ACTION COMPLAINT

Plaintiff Joel Rivera, an individual on behalf of himself and all others similarly situated brings this action against Defendants for damages and for injunctive relief resulting from their unlawful conduct in connection with residential mortgage loan transactions with Plaintiff and the Class Members. Based upon personal knowledge, information, belief and the investigation of his counsel, Plaintiff hereby alleges as follows:

I.

## INTRODUCTION

1.      Individuals who decide to buy a home or refinance a home loan often obtain the assistance of a mortgage broker to obtain financing. In order to compensate the broker for services rendered in arranging a mortgage loan, the borrower agrees to pay a fee to the broker. This fee is commonly referred to as an "origination fee" or "broker fee." The fee is computed as a percentage of the loan amount and is often referred to as "points."

2.      The broker proceeds to secure a loan commitment from a lender with specific terms, including interest rate, that the lender will extend to the particular borrower. As part of that deal, the broker often secures from the lender a commitment from the lender to pay an additional fee directly to the broker that increases the interest rate on the borrower's loan. This payment from the lender to the broker is commonly referred to as a "yield spread premium," "YSP," "rebate," "negative points," "back-end payment," as well as other names (hereinafter "YSP"). The broker and the lender often do not properly or timely disclose to the borrower the lender's YSP payment to the broker, if at all, thus depriving the borrower of a meaningful opportunity to negotiate better loan terms. The borrower unwittingly accepts a loan at an

2

CLASS ACTION COMPLAINT

interest rate higher than what the lender would have otherwise charged for the loan in the absence of the lender's YSP payment to the broker. The YSP payment inflates the interest rate paid by the borrower for the life of the loan. The failure to disclose YSP results in damages to the borrower.

3.     Defendants IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B. (collectively "INDYMAC") obtain a substantial percentage of business from the referrals of independent mortgage brokers. As is typical in the industry, the borrowers pay the brokers a fee for procuring a loan. This fee is not part of a YSP payment, but is a distinct fee properly identified as broker compensation. However, INDYMAC also often pays the broker a YSP in exchange for referring the loan at a higher than market interest rate, the more inflated the interest rate the greater the YSP payment INDYMAC makes to the broker.

4.     Defendants failure to properly and timely disclose to California borrowers the YSP payment and/or prepayment penalty until the borrower signs the final loan documents (hereinafter "closing"), if at all, takes the borrower off the market and deprives the borrower of the opportunity to secure a lower interest rate loan with INDYMAC or another lender. The damages to Plaintiff and INDYMAC's other similarly situated California borrowers are direct and substantial; the borrower pays an inflated interest payment as a direct consequence of Defendants' YSP payment to the broker and loses the opportunity to get a better deal on a loan. As to all such INDYMAC loans, INDYMAC's failure to properly and timely disclose its YSP payment to the broker constitutes a deceptive act and an unfair method of competition prohibited by California Business and Profession Code §17200. The omission in Good Faith Estimates, and

3

CLASS ACTION COMPLAINT

1  in some cases, HUD-1 Settlement Statements, of the fact and amount of the YSP payment is

2  willfully misleading and in violation of the California Business and Professions Code §17500.

3  This deceptive conduct in many instances, also violates the Federal Real Estate Settlement

4  Procedures Act, 12 U.S.C. §§2601 *et seq*. ("RESPA") as incorporated by the California

5  Residential Mortgage Lending Act ("CRMLA").

6

7       5.    Although the YSP payment is part of the interest on the loan, the lender pays the

8  YSP payment to the broker at the inception of the loan.  Thus, the lender pays the YSP payment

9  to the broker before the lender actually recoups this payment from the borrower through the

10 interest rate on the loan.  The prepayment penalty ensures that if the borrower pays off the loan

11 early without paying all of the anticipated interest, the YSP payment to the broker will be

12 recovered by the lender.  There is nothing per se illegal about prepayment penalties.  What is

13 illegal is the failure to timely and properly disclose the prepayment penalties to the borrower.

14 State and Federal law requires that prepayment penalties be disclosed no later than 3 days after

15 consummation of the loan.  INDYMAC fails to properly and timely disclose the prepayment

16 penalties it charges borrowers.

17

18                                   **II.**

19                       **JURISDICTION AND VENUE**

20      6.    The California Superior Court has jurisdiction over this action pursuant to

21 California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in

22 all causes except those given by statute to other trial courts."  The statutes under which this

23 action is brought do not specify any other basis for jurisdiction.

24

25

26

27                                    4

28 CLASS ACTION COMPLAINT

7.      The California Superior Court has jurisdiction over Defendant INDYMAC because it is headquartered in the State of California.

8.      Venue is proper in the County of Los Angeles, Central District, because the named Defendants exist, transacts business, and/or have offices in this Judicial District; and/or venue is proper in this court pursuant to California Code of Civil Procedure § 395 because the acts and omissions complained of arose in this county; Plaintiff resides in this county, sustained injury to himself and/or rights inside this particular judicial district; Plaintiff is otherwise entitled to file this action in this judicial district by virtue of the causes of action being asserted; and all class actions must be filed in this district.

### III.

### PARTIES

9.      Plaintiff Joel Rivera resides in Los Angeles County, California.

10.     Defendant IndyMac Bancorp, Inc., a Delaware corporation is headquartered at 888 East Walnut Street, Pasadena, California 91101.  At all times pertinent to this action, IndyMac Bancorp, Inc. conducted and continues to conduct, business throughout the State of California.

11.     Defendant IndyMac Bank, F.S.B., a Delaware corporation is headquartered at 888 East Walnut Street, Pasadena, California 91101.  At all times pertinent to this action, IndyMac Bank, F.S.B. conducted and continues to conduct, business throughout the State of California.

12.     The true names and capacities, whether corporate, associate, individual or otherwise of Defendants, Does 1 through 100, inclusive are unknown to Plaintiff, who therefore

5

CLASS ACTION COMPLAINT

1    sues said Defendants by such fictitious names pursuant to California Code of Civil Procedure

2    §474. Each of the Defendants designated herein as a Doe is negligently or otherwise legally

3    responsible in some manner for the events and happenings herein referred to and caused injuries

4

5    and damages proximately thereby to Plaintiff and Class Members, as herein alleged. Plaintiff

6    will ask leave of Court to amend this Complaint to show their names and capacities when the

7    same have been ascertained.

8        13.    Unless otherwise indicated, each named defendant is sued as the agent and/or

9    employee of every other named and Doe defendant acting within the course and scope of said

10

11   agency and/or employment, with the knowledge and/or consent of said co-defendants.

12                                   IV.

13                    **FACTS COMMON TO THE CLASS**

14       14.    INDYMAC engages in residential mortgage lending within the State of

15   California. INDYMAC operates a program pursuant to which mortgage brokers refer prospective

16

17   borrowers to INDYMAC.

18       15.    The YSP payments at issue in this case are payments from INDYMAC to

19   mortgage brokers. INDYMAC regularly makes rate sheets available to brokers that list the

20   terms of the loans INDYMAC offers on a particular date. Interest rates are set with reference to

21   a particular rate sheet for use between the broker and INDYMAC. The inclusion of the YSP

22   necessitates a higher interest rate to the borrower, i.e.: in the absence of the YSP the borrower's

23   rate would be lower.

24

25       16.    A premium or YSP has a profound effect on the loan and on the borrower. Over

26

27                                    6

28   CLASS ACTION COMPLAINT

22

1    the life of a loan, borrowers will pay thousands of dollars in interest payments more than they

2    would have paid if no YSP payment had been paid to the broker.

3        17.    The YSP must be disclosed and adequately explained to the borrower early in the

4
5    transaction for the borrower to be able to determine the true cost of the loan and compare it to

6    the loan terms offered by competitors.  To that end, RESPA, the Truth in Lending Act ("TILA"),

7    and their implementing regulations require an early and explicit disclosure of any YSP payment

8    prior to the closing.  These statutes require that the lender must provide a Good Faith Estimate

9
10   that discloses any YSP to the borrower, no later than the earlier of: (1) the extension of credit; or

11   (2) three days after the lender receives a borrower's application for a mortgage.  12 U.S.C.

12   §2604(c), 15 U.S.C. §1638(b); 12 C.F.R. §226.19(a)(1), 24 C.F.R. §3500.7.

13       18.    The failure to disclose a YSP payment in a Good Faith Estimate prior to closing

14   violates these rules.  These disclosure requirements are specifically incorporated into California

15   law by California Financial Code §50505.  In addition, RESPA requires the lender to disclose its

16   YSP payment to the broker in the HUD-1 Settlement Statement provided to the borrower at

17   closing.  24 C.F.R. §3500.7.  Both disclosures are required to comply with the law.

18

19       19.    The United States Department of Housing and Urban Development ("HUD"), the

20   agency charged with regulatory oversight of RESPA, has stated with regard to the reasoning

21   behind the disclosure requirements:

22       In HUD's view, meaningful disclosure includes many types of information: what
23       services a mortgage broker will perform, the amount of the broker's total
         compensation for performing those services (including any yield spread premium
24       paid by the lender), and whether or not the broker has an agency or fiduciary
         relationship with the borrower.  HUD believes that disclosure of this information,
25       and written acknowledgment by the borrower that he or she has received the
26

27                                         7

28   CLASS ACTION COMPLAINT

23

information, should be provided early in the transaction. Such disclosure facilitates comparison shopping by the borrower, to choose the best combination of upfront costs and mortgage terms from his or her individual standpoint.

Real Estate Settlement Procedures Statement of Policy 2001-1, 66 Fed.Reg. 53052, 53056.

20.     INDYMAC avoids disclosing to borrowers its YSP payments to brokers in a meaningful manner by only disclosing its YSP payment, if at all, shortly before closing and well after three days following receipt of a borrower's loan application.

21.     Defendants' failure to disclose its premium payments in a timely fashion has harmed the Plaintiff and Class Members. Defendants' untimely disclosure deprived Plaintiff and the Class Members of material information that they could have used to bargain for better loan terms and a lower interest rate if such timely disclosure had been made. The result is that the Plaintiff and the Class have paid, and will continue to pay, more interest than they would have if Defendants had not paid the undisclosed YSP payment.

**V.**

**PLAINTIFF'S TRANSACTION**

22.     In early 2007, Plaintiff Joel Rivera sought to purchase a residence. To facilitate this purchase, Mr. Rivera contacted a mortgage broker to obtain a mortgage loan.

23.     On or about January 31, 2007, Plaintiff contacted and submitted a loan application to his mortgage broker. The broker obtained a credit report for Mr. Rivera.

24.     The broker submitted the loan to INDYMAC for a funding decision. INDYMAC quoted to Plaintiff's broker an interest rate for the loan. On or about February 8, 2007, Plaintiff's mortgage broker informed Plaintiff that his loan was approved by INDYMAC.

25.     Plaintiff was not informed that INDYMAC was going to pay the broker a YSP

8

CLASS ACTION COMPLAINT

payment in connection with the loan, how much the YSP payment would be, or the effect that the YSP payment would have on Plaintiff's interest rate. Nor was Plaintiff informed that INDYMAC would charge a substantial prepayment penalty for early payment of his loan.

26.    On or about February 24, 2007, the Plaintiff signed the final loan closing documents. The Plaintiff's Escrow on the loan closed on March 1, 2007.

27.    Plaintiff was not provided copies of the loan documents in advance of the February 24, 2007 signing of the final closing documents.

28.    Plaintiff was not sent copies of the documents he signed at closing until after the March 1, 2007 closing.

29.    At closing, the actual settlement charges payable by Plaintiff totaled $7,289.70. Defendants paid the broker a YSP payment of $11,998.50 that was not properly or timely disclosed. The YSP paid on Plaintiff's loan caused the interest rate on Plaintiff's loan to be increased from what otherwise would have been available to him.

**VI.**

**TOLLING OF THE STATUTE OF LIMITATIONS**

**DUE TO FRAUDULENT CONCEALMENT**

30.    At all relevant times during the Class Period, Defendants fraudulently concealed the relevant facts giving rise to the claims asserted by Plaintiff and the Class, resulting in the equitable tolling of all applicable statutes of limitations.

31.    In conjunction with the mortgage loans that Defendants made to Plaintiff and the Class Members, Defendants were required to properly and timely disclose the fact and amount of all YSP payments made to the mortgage broker.

9

CLASS ACTION COMPLAINT

32.    With respect to Plaintiff's loan and the loans that Defendants made to Class Members, Defendants did not disclose the fact and amount of any YSP payment, thereby concealing the payment and its effect from Plaintiff and from the Class Members.  For all residential mortgage loans, Defendants concealed the effect that its YSP payments had on the borrowers' interest rate.

33.    Defendants' wrongdoing was not discoverable prior to the date of filing this Complaint since Defendants effectively concealed its YSP payment and its effect on Class Members loans by commonly omitting material information.  Plaintiff exercised due diligence to discover Defendants wrongdoing by promptly filing this Complaint after discovery of the facts giving rise to these claims.

## VII.

## CLASS ALLEGATIONS

34.    This class action lies under California Code of Civil Procedure § 382. The Class is comprised of every California resident for whom the following is true:

a.    The resident entered (or enters) into a residential mortgage transaction or a refinance mortgage, secured by residential property located in California that was (or is) funded by INDYMAC.

b.    In connection with that transaction, INDYMAC paid the mortgage broker a YSP payment and/or included a prepayment penalty within the mortgage.

c.    In connection with that transaction, Defendant INDYMAC failed to disclose to the borrower the fact and amount of the YSP payment and/or prepayment penalty in writing on a Good Faith Estimate and/or the HUD-1 Settlement

10

CLASS ACTION COMPLAINT

Statement no later than the earlier of: (1) the extension of credit; or (2) three

days after the lender receives a borrower's application for mortgage; and

d.  With respect to the inadequate disclosures in the Good Faith Estimate,

INDYMAC received the loan application more than three days before the

borrower signed the final closing documents such that INDYMAC could have

informed, or caused the broker to inform the borrower of the amount of the

YSP payment and/or prepayment penalty in time to reasonably allow the

borrowers to make informed decisions regarding the loan.

35.    Plaintiff seeks to recover damages under the California Business and Professions

Code §17200 for himself and on a class-wide basis.

36.    There are numerous issues of fact and law common to Members of the Class,

including the following:

a.  Whether INDYMAC's failure to properly and timely disclose to borrowers

the existence and amount of its YSP payment to the broker and/or prepayment

penalty constitutes an unfair, deceptive, or otherwise unlawful or prohibited

act;

b.  Whether INDYMAC's failure to properly and timely disclose to borrowers

the existence and amount of its YSP payment to the broker and/or prepayment

penalty is a business act within the meaning of the California Business &

Professions Code §§ 17200;

c.  Whether INDYMAC's payment to brokers and/or prepayment penalty, creates

an unlawful inducement to the broker to violate its duties under California

11

CLASS ACTION COMPLAINT

Financial Code §50701;

d.  Whether INDYMAC's failure to properly and timely disclose to borrowers the existence and amount of its YSP payment to the broker and/or prepayment penalty threatens an incipient violation of consumer law or violates the policy or spirit of such law or otherwise threatens or harms competition;

e.  Whether INDYMAC's wrongful acts caused Plaintiff and the Class to incur damages;

f.  Whether INDYMAC's unfair, deceptive or otherwise unlawful or prohibited business practices have allowed INDYMAC to receive and to hold ill-gotten gains belonging to members of the public; and

g.  The proper measure of damages for the Class.

37.  The Plaintiff's claims are typical of the claims of the members of the Class. Like the Class, Plaintiff did not receive proper or timely notice prior to closing that a YSP would be paid by INDYMAC to the broker or that he would be subject to a substantial prepayment penalty if he refinanced or otherwise paid his loan off before a significant number of years. This information was material, as the YSP payment by INDYMAC to the broker was in exchange for an increase in the borrower's interest rate and the prepayment penalty effectively locked Plaintiff into that increased interest rate. Plaintiff and Class Members have been damaged by that failure to properly and timely disclose YSP payments to brokers and/or prepayment penalties. Moreover, Plaintiff, like each Class Member, paid an origination fee or other fee to the mortgage broker that compensated the mortgage broker for his or her services.

38.  Plaintiff will fairly and adequately protect the interest of all Class Members in the

12

CLASS ACTION COMPLAINT

28

1  prosecution of this action and in the administration of all matters relating to claims stated herein.

2  Plaintiff is situated similarly with, and has suffered injuries identical or similar to other Class

3  Members. Plaintiff has also retained counsel experienced in handling class action suits involving

4
5  financial and consumer practices. Neither Plaintiff nor his counsel has any interest that might

6  cause them to fail to vigorously pursue this action.

7        39.    A class action is superior to other available methods for the fair and efficient

8  adjudication of the controversy, in that:

9
              a.   The Class Members are not aware that they have been wronged and even if
10
                   they were, the value of their individual claims would make it difficult if not
11
12                 impossible to prosecute individual actions.

13            b.   Concentration of the litigation concerning this matter in this Court is

14                 desirable.

15            c.   The claims of Plaintiff are typical of the claims of the Class.
16
              d.   A failure of justice will result from the absence of a class action.
17
18            e.   There is nothing about the Class that would render maintenance of a class

19                 action unusually difficult and the trial of this case on a class basis will be

20                 easily managed.

21                                          **VIII.**

22
                              **FIRST CAUSE OF ACTION**
23
24  **Violation of California Business and Profession Code §§17200, et seq.**

25        40.    Plaintiff realleges and incorporates by reference paragraphs 1 through 39 above.

26        41.    Beginning at an exact date unknown to Plaintiff but at least as long as four years

27                                            13
28
   CLASS ACTION COMPLAINT

1  prior to the filing of this Complaint and continuing to date, Defendants have committed acts of

2  unfair competition as defined by California Business and Professions Code §17200, by engaging

3  in the acts and practices alleged above.

4     42.    Defendants' failure to ensure that Plaintiff, and Class Members received proper

5  and timely disclosure stating that Defendants would pay a YSP to the broker and/or charge a

6  prepayment penalty in connection with their mortgage transactions, constitutes unfair and

7  deceptive practices as defined by California Business and Professions Code §17200.

8

9     43.    By virtue of the acts and omissions alleged above, Defendants violated the duties

10  set forth in California Financial Code §50503 and §50505.

11

12     44.    By virtue of the acts and omissions alleged above, Defendants violated

13  prohibitions set forth in the California Financial Code §50204.

14     45.    Defendants caused and otherwise enticed brokers to violate the fiduciary duties

15  owed to borrowers under California Financial Code §50701.

16

17     46.    Defendants are liable for misstatements or omissions made by mortgage brokers

18  acting as Defendants' agent under California Financial Code §50503.

19     47.    Defendants' conduct threatens an incipient violation of consumer law or violates

20  the policy and spirit of such law and otherwise significantly threatens or harms competition.

21     48.    Defendants' conduct affects the public interest and presents a continuing threat to

22  the public in that it has unlawfully deceived thousands of consumers by causing them to enter

23  into loans on unfavorable terms and, upon information and belief, continues to do so.

24

25     49.    Plaintiff and Class Members have no other adequate remedy at law.

26

27                                        14

28  CLASS ACTION COMPLAINT

50.    Plaintiff and Class Members have suffered damages as a direct and proximate result of Defendants' conduct.

51.    Defendants' conduct was the proximate cause of the damages suffered by Plaintiff and Class Members. As a direct and proximate result of the acts alleged above, Defendants received and continue to hold ill-gotten gains belonging to members of the public.

52.    An action for injunctive relief and restitution under the Unfair Trade Practices Act is specifically authorized under California Business and Professions Code §17203. Defendants have and continue to engage in unfair competition. An order enjoining such continued unfair practices is appropriate.

53.    Accordingly, Defendants are liable to Plaintiff and Class Members for damages in an amount according to proof at trial, including attorneys' fees, costs, and exemplary damages provided by law.

IX.

**SECOND CAUSE OF ACTION**

**Violation of the California Business & Professions Code §§17500, *et seq.***

54.    Plaintiff realleges and incorporates by reference paragraphs 1 through 53 above.

55.    Beginning at an exact date unknown to Plaintiff but at least as long as four years prior to the filing of the Complaint and continuing to date, Defendants have committed acts of untrue and misleading advertising as defined by California Business & Professions Code §17500, by failing to disclose the prepayment penalty and/or the true compensation to be paid to borrowers' mortgage brokers and the effect of that compensation on Class Members' interest rates.

56.    The fraudulent, unlawful and unfair business practices and false and misleading

15

CLASS ACTION COMPLAINT

advertising of Defendants as described above presents a continuing threat to consumers in that Defendants continue to mislead mortgage borrowers to enter into loans without being given all proper disclosures in a timely manner.

## X.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgement be awarded against Defendants, jointly and severally and in favor of Plaintiff and the Class for the following:

1.   Actual damages;

2.   Injunctive relief as allowed by law;

3.   Restitution as allowed by law;

4.   Statutory damages as provided by California Business and Professions Code §17500 et seq.;

5.   Exemplary and punitive damages as provided by California Business and Professions Code §17500 et seq., California Code of Civil Procedure §3294 and §3295 or any other provisions allowed by law;

6.   Costs, including attorney's fees as provided by California Civil Code §1021.5 or any other provision allowed by law;

7.   Prejudgement interest thereon as provided by California Civil Code §3287 and §3288; and

8.   Such other and further relief as this Court may deem just and proper.

16

CLASS ACTION COMPLAINT

32

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: October 8, 2007                     Respectfully submitted,

                                           AIDIKOFF, UHL & BAKHTIARI


                                    By: _____
                                           Ryan K. Bakhtiari, Esq.,
                                           9454 Wilshire Blvd., Suite 303
                                           Beverly Hills, CA 90212
                                           Telephone (310) 274-0666
                                           Telecopier (310) 859-0513
                                           Email rbakhtiari@aol.com

                                           David Harrison, Esq.
                                           LAW OFFICES OF DAVID HARRISON
                                           9454 Wilshire Blvd., Suite 303
                                           Beverly Hills, CA 90212
                                           Telephone (310) 499-4732
                                           Telecopier (310) 499-4740
                                           Email dshesq@gmail.com

                                           David Spivak, Esq.
                                           THE SPIVAK LAW FIRM
                                           9454 Wilshire Blvd., Suite 303
                                           Beverly Hills, CA 90212
                                           Telephone (310) 499-4730
                                           Telecopier (310) 499-4739
                                           Email david@spivaklaw.com

                                           Thomas A. Hargett, Esq.
                                           (pro hac vice motion to be filed)
                                           MADDOX HARGETT & CARUSO, P.C.
                                           10100 Lantern Road, Suite 150
                                           Fishers, IN 46037
                                           Telephone (317) 598-2052
                                           Telecopier (317) 598-2050
                                           E-mail tahargett@mhclaw.com

                                           17

CLASS ACTION COMPLAINT

33

David P. Meyer, Esq.
(*pro hac vice* motion to be filed)
Patrick G. Warner, Esq.
(*pro hac vice* motion to be filed)
DAVID P. MEYER & ASSOCIATES CO., LPA
1320 Dublin Road, Suite 100
Columbus, OH 43215
Telephone (614) 358-3283
Telecopier (614) 224-6066
Email dmeyer@dmlaws.com
Email pwarner@dmlaws.com

Attorneys for Plaintiff

18

CLASS ACTION COMPLAINT

Philip M. Aidikoff, State Bar # 65014
Robert A. Uhl, State Bar # 75124
Ryan K. Bakhtiari, State Bar # 199147
AIDIKOFF, UHL & BAKHTIARI
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone (310) 274-0666 • Facsimile (310) 859-0513
Email    rbakhtiari@aol.com

David Harrison, State Bar # 206279
LAW OFFICES OF DAVID HARRISON
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone (310) 499-4732 • Facsimile (310) 499-4740
Email    dshesq@gmail.com

David G. Spivak, State Bar # 179684
THE SPIVAK LAW FIRM
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone (310) 499-4730 • Facsimile (310) 499-4739
Email    david@spivaklaw.com

Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### *UNLIMITED JURISDICTION*

## FOR THE COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

| | |
|---|---|
| JOEL RIVERA, an individual on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>INDYMAC BANCORP, INC., a Delaware corporation, INDYMAC BANK, F.S.B., a Delaware corporation and DOES 1 through 100,<br><br>    Defendants. | Case No.: BC378843<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE**<br><br>Action filed:  10/08/07<br>CMC:  12/18/07, 9 a.m.<br>FSC:  Not set<br>Trial:  Not set<br>Dept:  71, Hon. Soussan G. Bruguera |

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that the Court, the Honorable Soussan G. Bruguera presiding, has scheduled a case management conference for December 18, 2007, at 9:00 a.m. in Department 71 at 111 N. Hill Street, Los Angeles, California 90012.  The Court's Notice to Plaintiff is attached.

Respectfully submitted,

THE SPIVAK LAW FIRM

Date:        November 5, 2007             By: _____

DAVID G. SPIVAK, Attorney for Plaintiffs

NOTICE SENT TO:

Aidikoff, Philip M., Esq.
Aidikoff & Uhl
9454 Wilshire Blvd., PH Suite 303
Beverly Hills        CA   90212

**ORIGINAL FILED**

OCT 2 9 2007

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| JOEL RIVERA | Plaintiff(s), | BC378843 |
| VS. | | |
| INDYMAC BANCORP INC ET AL | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>December 18, 2007</u> at <u>9:00 am</u> in <u>Dept. 71</u> at 111 N. Hill Street, Los Angeles, California  90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.  You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>October 29, 2007</u>

Soussan G. Bruguera
_____
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: <u>October 29, 2007</u>

John A. Clarke, Executive Officer/Clerk

by _____C. Randle_____, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____    BC378843

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(e)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | | Hon. William F. Highberger | 32 | 406 | |
| Hon. Conrad Aragon | 49 | 509 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Helen I. Bendix | 18 | 308 | | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. Elihu M. Berle | 42 | 416 | | Hon. Ann I. Jones | 40 | 414 | |
| Hon. Tricia Ann Bigelow | 23 | 315 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Soussan G. Bruguera | 71 | 729 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Susan Bryant-Deason | 52 | 510 | | Hon. Rita Miller | 16 | 306 | |
| Hon. James C. Chalfant | 13 | 630 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Victoria Chaney* | 324 | CCW | | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Judith C. Chirlin | 19 | 311 | | Hon. Mary Ann Murphy | 25 | 317 | |
| Hon. Ralph W. Dau | 57 | 517 | | Hon. Joanne O'Donnell | 37 | 413 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Yvette M. Palazuelos | 28 | 318 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Mark Mooney | 68 | 617 | | Hon. Andria K. Richey | 31 | 407 | |
| Hon. William F. Fahey | 78 | 730 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Irving S. Feffer | 51 | 511 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Edward A. Ferns | 69 | 621 | | Hon. Ronald M. Sohigian | 41 | 417 | |
| Hon. Kenneth R. Freeman | 64 | 601 | | Hon. Michael C. Solner | 39 | 415 | |
| Hon. Haley J. Fromholz | 20 | 310 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Elizabeth A. Grimes | 30 | 400 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Paul Gutman | 34 | 408 | | Hon. George Wu | 33 | 409 | |
| Hon. Robert L. Hess | 24 | 314 | | | | | |
| | | | | Other | | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 10/07)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –**
**UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

### *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court , rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 10/23/07 | | DEPT. 324 |
| HONORABLE VICTORIA CHANEY          JUDGE | E. SABALBURO | DEPUTY CLERK |
| HONORABLE                    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC378843 | Plaintiff Counsel | |
|---|---|---|---|
| | JOEL RIVERA | | NO APPEARANCES |
| | VS | Defendant | |
| | INDYMAC BANCORP INC ET AL | Counsel | |
| | | | |
| | NON-COMPLEX (10-23-07) | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Soussan G. Bruguera in Department 71 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 71 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page    1 of   2    DEPT. 324

```
MINUTES ENTERED
10/23/07
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 10/23/07 | | DEPT. 324 |
|---|---|---|
| HONORABLE VICTORIA CHANEY  JUDGE | E. SABALBURO | DEPUTY CLERK |
| HONORABLE  JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC378843 | Plaintiff Counsel | |
|---|---|---|---|
| | JOEL RIVERA VS INDYMAC BANCORP INC ET AL | Defendant Counsel | NO APPEARANCES |
| | NON-COMPLEX (10-23-07) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
10-24-07 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 10-24-07

John A. Clarke, Executive Officer/Clerk

By: _____**KIN HILAIRE**_____
          KIN HILAIRE

AIDIKOFF, UHL & BAKHTIARI
Philip M. Aidikoff, Esq.
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212

Page  2 of 2   DEPT. 324

MINUTES ENTERED
10/23/07
COUNTY CLERK

41

# EXHIBIT 4

1   Philip M. Aidikoff, Esq. (SB#65014)
2   Robert A. Uhl, Esq. (SB#75124)
    Ryan K. Bakhtiari, Esq. (SB#199147)
3   **AIDIKOFF, UHL & BAKHTIARI**
    9454 Wilshire Blvd., Suite 303
4   Beverly Hills, CA 90212
    Telephone (310) 274-0666
5   Telecopier (310) 859-0513
    Email rbakhtiari@aol.com
6
7   *Additional counsel listed on last page of*
    *Complaint*
8   Attorneys for Plaintiffs
9

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 14 2007

John A. Clarke, Executive Officer/Clerk
By _____ ,Deputy
Jalon Taylor

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              COUNTY OF LOS ANGELES - CENTRAL DISTRICT

12                         UNLIMITED CIVIL CASE

13

14   JOEL RIVERA, an individual on behalf of       CASE NO. BC378843 (Assigned to the
     himself and all others similarly situated,    Honorable Soussan Bruguera)
15
                    Plaintiffs,                     FIRST AMENDED CLASS ACTION
16                                                  COMPLAINT FOR DAMAGES AND
           vs.                                      INJUNCTIVE RELIEF
17
     INDYMAC BANCORP, INC., a Delaware
18   corporation; INDYMAC BANK, F.S.B., a
     Delaware corporation; and DOES 1 through
19   100,                                           DEMAND FOR JURY TRIAL

20                  Defendants.

21

22          Plaintiff Joel Rivera, an individual on behalf of himself and all others similarly situated

23   brings this action against Defendants for damages and for injunctive relief resulting from their

24   unlawful conduct in connection with residential mortgage loan transactions with Plaintiff and the

25   Class Members.  Based upon personal knowledge, information, belief and the investigation of his

26   counsel, Plaintiff hereby alleges as follows:

27                                                1

28   _____

     FIRST AMENDED COMPLAINT

# I.

## INTRODUCTION

1.    Individuals who decide to buy a home or refinance a home loan often obtain the assistance of a mortgage broker to obtain financing. In order to compensate the broker for services rendered in arranging a mortgage loan, the borrower agrees to pay a fee to the broker. This fee is commonly referred to as an "origination fee" or "broker fee." The fee is computed as a percentage of the loan amount and is often referred to as "points."

2.    The broker proceeds to secure a loan commitment from a lender with specific terms, including interest rate, that the lender will extend to the particular borrower. As part of that deal, the broker often secures from the lender a commitment from the lender to pay an additional fee directly to the broker that increases the interest rate on the borrower's loan. This payment from the lender to the broker is commonly referred to as a "yield spread premium," "YSP," "rebate," "negative points," "back-end payment," as well as other names (hereinafter "YSP"). The broker and the lender often do not properly or timely disclose to the borrower the lender's YSP payment to the broker, if at all, thus depriving the borrower of a meaningful opportunity to negotiate better loan terms. The borrower unwittingly accepts a loan at an interest rate higher than what the lender would have otherwise charged for the loan in the absence of the lender's YSP payment to the broker. The YSP payment inflates the interest rate paid by the borrower for the life of the loan. The failure to disclose YSP results in damages to the borrower.

3.    Defendants INDYMAC BANCORP, INC. and INDYMAC BANK, F.S.B. (collectively "INDYMAC") obtain a substantial percentage of business from the referrals of independent mortgage brokers. As is typical in the industry, the borrowers pay the brokers a fee for procuring a loan. This fee is not part of a YSP payment, but is a distinct fee properly identified as

2

FIRST AMENDED COMPLAINT

broker compensation. However, INDYMAC also often pays the broker a YSP in exchange for referring the loan at a higher than market interest rate, the more inflated the interest rate the greater the YSP payment INDYMAC makes to the broker.

4.    Defendants' failure to properly and timely disclose to California borrowers the YSP payment and/or prepayment penalty until the borrower signs the final loan documents (hereinafter "closing"), if at all, takes the borrower off the market and deprives the borrower of the opportunity to secure a lower interest rate loan with INDYMAC or another lender. The damages to Plaintiff and INDYMAC's other similarly situated California borrowers are direct and substantial; the borrower pays an inflated interest payment as a direct consequence of Defendants' YSP payment to the broker and loses the opportunity to get a better deal on a loan. As to all such INDYMAC loans, INDYMAC's failure to properly and timely disclose its YSP payment to the broker constitutes a deceptive act and an unfair method of competition prohibited by California Business and Profession Code §17200. The omission in Good Faith Estimates, and in some cases, HUD-1 Settlement Statements, of the fact and amount of the YSP payment is willfully misleading and in violation of the California Business and Professions Code §17500. This deceptive conduct in many instances, also violates the Federal Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq.* ("RESPA") as incorporated by the California Residential Mortgage Lending Act ("CRMLA").

5.    Although the YSP payment is part of the interest on the loan, the lender pays the YSP payment to the broker at the inception of the loan. Thus, the lender pays the YSP payment to the broker before the lender actually recoups this payment from the borrower through the interest rate on the loan. The prepayment penalty ensures that if the borrower pays off the loan early without paying all of the anticipated interest, the YSP payment to the broker will be recovered by the lender. There is nothing per se illegal about prepayment penalties. What is illegal is the failure to timely and

3

FIRST AMENDED COMPLAINT

1   properly disclose the prepayment penalties to the borrower. State and Federal law requires that

2   prepayment penalties be disclosed no later than 3 days after consummation of the loan.  INDYMAC

3   fails to properly and timely disclose the prepayment penalties it charges borrowers.

## II.

## JURISDICTION AND VENUE

6.    The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

7.    The California Superior Court has jurisdiction over Defendant INDYMAC because it is headquartered in the State of California.

8.    Venue is proper in the County of Los Angeles, Central District, because the named Defendant exists, transacts business, and/or has offices in this Judicial District; and/or venue is proper in this court pursuant to California Code of Civil Procedure § 395 because the acts and omissions complained of arose in this county; Plaintiff resides in this county, sustained injury to himself and/or rights inside this particular judicial district; Plaintiff is otherwise entitled to file this action in this judicial district by virtue of the causes of action being asserted; and all class actions must be filed in this district.

## III.

## PARTIES

9.    Plaintiff Joel Rivera resides in Los Angeles County, California.

4

FIRST AMENDED COMPLAINT

10.     Defendant IndyMac Bancorp, Inc., a Delaware corporation, is headquartered at 888 East Walnut Street, Pasadena, California 91101.  At all times pertinent to this action, IndyMac Bancorp, Inc. conducted and continues to conduct, business throughout the State of California.

11.     IndyMac Bank, F.S.B., a Delaware corporation, is headquartered at 888 East Walnut Street, Pasadena, California 91101.  At all times pertinent to this action, IndyMac Bank, F.S.B. conducted and continues to conduct, business throughout the State of California.

12.     The true names and capacities, whether corporate, associate, individual or otherwise of Defendants, Does 1 through 100, inclusive are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to California Code of Civil Procedure §474.  Each of the Defendants designated herein as a Doe is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to Plaintiff and Class Members, as herein alleged.  Plaintiff will ask leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

13.     Unless otherwise indicated, each named defendant is sued as the agent and/or employee of every other named and Doe defendant acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendants.

## IV.

## FACTS COMMON TO THE CLASS

14.     INDYMAC engages in residential mortgage lending within the State of California.  INDYMAC operates a program pursuant to which mortgage brokers refer prospective borrowers to INDYMAC.

5

FIRST AMENDED COMPLAINT

46

15.    The YSP payments at issue in this case are payments from INDYMAC to mortgage brokers. INDYMAC regularly makes rate sheets available to brokers that list the terms of the loans INDYMAC offers on a particular date. Interest rates are set with reference to a particular rate sheet for use between the broker and INDYMAC. The inclusion of the YSP necessitates a higher interest rate to the borrower, i.e.: in the absence of the YSP the borrower's rate would be lower.

16.    A premium or YSP has a profound effect on the loan and on the borrower. Over the life of a loan, borrowers will pay thousands of dollars in interest payments more than they would have paid if no YSP payment had been paid to the broker.

17.    The YSP must be disclosed and adequately explained to the borrower early in the transaction for the borrower to be able to determine the true cost of the loan and compare it to the loan terms offered by competitors. To that end, RESPA, TILA, and their implementing regulations require an early and explicit disclosure of any YSP payment prior to the closing. These statutes require that the lender must provide a Good Faith Estimate that discloses any YSP to the borrower, no later than the earlier of: (1) the extension of credit; or (2) three days after the lender receives a borrower's application for a mortgage. 12 U.S.C. §2604(c), 15 U.S.C. §1638(b); 12 C.F.R. §226.19(a)(1), 24 C.F.R. §3500.7.

18.    The failure to disclose a YSP payment in a Good Faith Estimate prior to closing violates these rules. These disclosure requirements are specifically incorporated into California law by California Financial Code §50505. In addition, RESPA requires the lender to disclose its YSP payment to the broker in the HUD-1 Settlement Statement provided the borrower at closing. 24 C.F.R. §3500.7. Both disclosures are required to comply with the law.

6

FIRST AMENDED COMPLAINT

19.    The United States Department of Housing and Urban Development ("HUD"), the agency charged with regulatory oversight of RESPA, has stated with regard to the reasoning behind the disclosure requirements:

> In HUD's view, meaningful disclosure includes many types of information: what services a mortgage broker will perform, the amount of the broker's total compensation for performing those services (including any yield spread premium paid by the lender), and whether or not the broker has an agency or fiduciary relationship with the borrower. HUD believes that disclosure of this information, and written acknowledgment by the borrower that he or she has received the information, should be provided early in the transaction. Such disclosure facilitates comparison shopping by the borrower, to choose the best combination of upfront costs and mortgage terms from his or her individual standpoint.

Real Estate Settlement Procedures Statement of Policy 2001-1, 66 Fed.Reg. 53052, 53056.

20.    INDYMAC avoids disclosing to borrowers its YSP payments to brokers in a meaningful manner by only disclosing its YSP payment, if at all, shortly before closing and well after three days following receipt of a borrower's loan application.

21.    Defendants' failure to disclose its premium payments in a timely fashion has harmed the Plaintiff and Class Members. Defendants' untimely disclosure deprived Plaintiff and the Class Members of material information that they could have used to bargain for better loan terms and a lower interest rate if such timely disclosure had been made. The result is that the Plaintiff and the Class have paid, and will continue to pay, more interest than they would have if Defendants had not paid the undisclosed YSP payment.

V.

**PLAINTIFF'S TRANSACTION**

22.    In early 2007, Plaintiff Joel Rivera sought to purchase a residence. To facilitate this purchase, Mr. Rivera contacted a mortgage broker to obtain a mortgage loan.

7

FIRST AMENDED COMPLAINT

23.    On or about January 31, 2007, Plaintiff contacted and submitted a loan application to his mortgage broker.  The broker obtained a credit report for Mr. Rivera.

24.    The broker submitted the loan to INDYMAC for a funding decision.  INDYMAC quoted to Plaintiff's broker an interest rate for the loan.  On or about February 8, 2007, Plaintiff's mortgage broker informed Plaintiff that his loan was approved by INDYMAC.

25.    Plaintiff was not informed that INDYMAC was going to pay the broker a YSP payment in connection with the loan, how much the YSP payment would be, or the effect that the YSP payment would have on Plaintiff's interest rate.  Nor was Plaintiff informed that INDYMAC would charge a substantial prepayment penalty for early payment of his loan.

26.    On or about February 24, 2007, the Plaintiff signed the final loan closing documents. The Plaintiff's Escrow on the loan closed on March 1, 2007.

27.    Plaintiff was not provided copies of the loan documents in advance of the February 24, 2007 signing of the final closing documents.

28.    Plaintiff was not sent copies of the documents he signed at closing until after the March 1, 2007 closing.

29.    At closing, the actual settlement charges payable by Plaintiff totaled $7,289.70. Defendants paid the broker a YSP payment of $11,998.50 that was not properly or timely disclosed. The YSP paid on Plaintiff's loan caused the interest rate on Plaintiff's loan to be increased from what otherwise would have been available to him.

///

///

8

FIRST AMENDED COMPLAINT

**VI.**

## TOLLING OF THE STATUTE OF LIMITATIONS
### DUE TO FRAUDULENT CONCEALMENT

30.    At all relevant times during the Class Period, Defendants fraudulently concealed the relevant facts giving rise to the claims asserted by Plaintiff and the Class, resulting in the equitable tolling of all applicable statutes of limitations.

31.    In conjunction with the mortgage loans that Defendants made to Plaintiff and the Class Members, Defendants were required to properly and timely disclose the fact and amount of all YSP payments it paid to the mortgage broker.

32.    With respect to Plaintiff's loan and the loans that Defendants made to Class Members, Defendants did not disclose the fact and amount of any YSP payment, thereby concealing the payment and its effect from Plaintiff and from the Class Members.  For all residential mortgage loans, Defendants concealed the effect that its YSP payments had on the borrowers' interest rate.

33.    Defendants' wrongdoing was not discoverable prior to the date of filing this Complaint since Defendants effectively concealed its YSP payment and its effect on Class Members loans by commonly omitting material information.  Plaintiff exercised due diligence to discover Defendants wrongdoing by promptly filing this Complaint after discovery of the facts giving rise to these claims.

**VII.**

## CLASS ALLEGATIONS

34.    This class action lies under California Code of Civil Procedure § 382. The Class is comprised of every California resident for whom the following is true:

9

FIRST AMENDED COMPLAINT

a.  The resident entered (or enters) into a residential mortgage transaction or a refinance mortgage, secured by residential property located in California that was (or is) funded by INDYMAC.

b.  In connection with that transaction, INDYMAC paid the mortgage broker a YSP payment and/or included a prepayment penalty within the mortgage.

c.  In connection with that transaction, Defendant INDYMAC failed to disclose to the borrower the fact and amount of the YSP payment and/or prepayment penalty in writing on a Good Faith Estimate and/or the HUD-1 Settlement Statement no later than the earlier of: (1) the extension of credit; or (2) three days after the lender receives a borrower's application for mortgage; and

d.  With respect to the inadequate disclosures in the Good Faith Estimate, INDYMAC received the loan application more than three days before the borrower signed the final closing documents such that INDYMAC could have informed, or caused the broker to inform the borrower of the amount of the YSP payment and/or prepayment penalty in time to reasonably allow the borrowers to make informed decisions regarding the loan.

35.  Plaintiff seeks to recover damages under the California Business and Professions Code §17200 and California Civil Code §1780 for himself and on a class-wide basis.

36.  There are numerous issues of fact and law common to Members of the Class, including the following:

a.  Whether INDYMAC's failure to properly and timely disclose to borrowers the existence and amount of its YSP payment to the broker and/or prepayment penalty constitutes an unfair, deceptive, or otherwise unlawful or prohibited act;

10

FIRST AMENDED COMPLAINT

b.  Whether INDYMAC's failure to properly and timely disclose to borrowers the existence and amount of its YSP payment to the broker and/or prepayment penalty is a business act within the meaning of the California Business & Professions Code §§ 17200;

c.  Whether INDYMAC's payment to brokers and/or prepayment penalty, creates an unlawful inducement to the broker to violate its duties under California Financial Code §50701;

d.  Whether INDYMAC's failure to properly and timely disclose to borrowers the existence and amount of its YSP payment to the broker and/or prepayment penalty threatens an incipient violation of consumer law or violates the policy or spirit of such law or otherwise threatens or harms competition;

e.  Whether INDYMAC's wrongful acts caused Plaintiff and the Class to incur damages;

f.  Whether INDYMAC's unfair, deceptive or otherwise unlawful or prohibited business practices have allowed INDYMAC to receive and to hold ill-gotten gains belonging to members of the public; and

g.  The proper measure of damages for the Class.

37.    The Plaintiff's claims are typical of the claims of the members of the Class. Like the Class, Plaintiff did not receive proper or timely notice prior to closing that a YSP would be paid by INDYMAC to the broker or that he would be subject to a substantial prepayment penalty if he refinanced or otherwise paid his loan off before a significant number of years. This information was material, as the YSP payment by INDYMAC to the broker was in exchange for an increase in the borrower's interest rate and the prepayment penalty effectively locked Plaintiff into that increased interest rate. Plaintiff and Class Members have been damaged by that failure to properly and timely

11

FIRST AMENDED COMPLAINT

52

1  disclose YSP payments to brokers and/or prepayment penalties. Moreover, Plaintiff, like each Class

2  Member, paid an origination fee or other fee to the mortgage broker that compensated the mortgage

3  broker for his or her services.

4       38.    Plaintiff will fairly and adequately protect the interest of all Class Members in the

5  prosecution of this action and in the administration of all matters relating to claims stated herein.

6  Plaintiff is situated similarly with, and has suffered injuries identical or similar to other Class

7  Members. Plaintiff has also retained counsel experienced in handling class action suits involving

8  

9  financial and consumer practices. Neither Plaintiff nor his counsel has any interest that might cause

10  them to fail to vigorously pursue this action.

11       39.    A class action is superior to other available methods for the fair and efficient

12  adjudication of the controversy, in that:

13      a.   The Class Members are not aware that they have been wronged and even if they were,

14         the value of their individual claims would make it difficult if not impossible to

15         prosecute individual actions.

16  

17      b.   Concentration of the litigation concerning this matter in this Court is desirable.

18      c.   The claims of Plaintiff are typical of the claims of the Class.

19      d.   A failure of justice will result from the absence of a class action.

20      e.   There is nothing about the Class that would render maintenance of a class action

21         unusually difficult and the trial of this case on a class basis will be easily managed.

22  

23  

24  ///

25  ///

26  

27  

28  

12

FIRST AMENDED COMPLAINT

VIII.

CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Violation of California Business and Profession Code §§17200, *et seq.***

40.     Plaintiff realleges and incorporates by reference paragraphs 1 through 39 above.

41.     Beginning at an exact date unknown to Plaintiff but at least as long as four years prior to the filing of this Complaint and continuing to date, Defendants have committed acts of unfair competition as defined by California Business and Professions Code §17200, by engaging in the acts and practices alleged above.

42.     Defendants' failure to ensure that Plaintiff, and Class Members received proper and timely disclosure stating that Defendants would pay a YSP to the broker and/or charge a prepayment penalty in connection with their mortgage transactions, constitutes unfair and deceptive practices as defined by California Business and Professions Code §17200.

43.     By virtue of the acts and omissions alleged above, Defendants violated the duties set forth in California Financial Code §50503 and §50505.

44.     By virtue of the acts and omissions alleged above, Defendants violated prohibitions set forth in the California Financial Code §50204.

45.     Defendants caused and otherwise enticed brokers to violate the fiduciary duties owed to borrowers under California Financial Code §50701.

46.     Defendants are liable for misstatements or omissions made by mortgage brokers acting as Defendants' agent under California Financial Code §50503.

47.     Defendants' conduct threatens an incipient violation of consumer law or violates the policy and spirit of such law and otherwise significantly threatens or harms competition.

13

FIRST AMENDED COMPLAINT

48.    Defendants' conduct affects the public interest and presents a continuing threat to the public in that it has unlawfully deceived thousands of consumers by causing them to enter into loans on unfavorable terms and, upon information and belief, continues to do so.

49.    Plaintiff and Class Members have no other adequate remedy at law.

50.    Plaintiff and Class Members have suffered damages as a direct and proximate result of Defendants' conduct.

51.    Defendants' conduct was the proximate cause of the damages suffered by Plaintiff and Class Members. As a direct and proximate result of the acts alleged above, Defendants received and continue to hold ill-gotten gains belonging to members of the public.

52.    An action for injunctive relief and restitution under the Unfair Trade Practices Act is specifically authorized under California Business and Professions Code §17203. Defendants have and continue to engage in unfair competition. An order enjoining such continued unfair practices is appropriate.

53.    Accordingly, Defendants are liable to Plaintiff and Class Members for damages in an amount according to proof at trial, including attorneys' fees, costs, and exemplary damages provided by law.

## SECOND CAUSE OF ACTION
### Violation of the California Business & Professions Code §§17500, *et seq.*

54.    Plaintiff realleges and incorporates by reference paragraphs 1 through 54 above.

55.    Beginning at an exact date unknown to Plaintiff but at least as long as four years prior to the filing of the Complaint and continuing to date, Defendants have committed acts of untrue and misleading advertising as defined by California Business & Professions Code §17500, by failing to disclose the prepayment penalty and/or the true compensation to be paid to borrowers' mortgage brokers and the effect of that compensation on Class Members' interest rates.

14

FIRST AMENDED COMPLAINT

56.    The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendants as described above presents a continuing threat to consumers in that Defendants continue to mislead mortgage borrowers to enter into loans without being given all proper disclosures in a timely manner.

### THIRD CAUSE OF ACTION
### Violation of the Consumers Legal Remedies Act

57.    Plaintiff realleges and incorporates by reference paragraphs 1 through 56 above.

58.    Plaintiff and Class Members are a "Person" and "Consumer" as defined by California Civil Code §1761 (c) and (d).

59.    Defendants are a "Person" as defined by California Civil Code §1761(c).

60.    All dealings between Plaintiff, Class Members and Defendants as set forth above constitute a "Transaction" as defined by California Civil Code §1761(e).

61.    Defendants performed "services" for Plaintiff and Class Members as defined by California Civil Code §1761(b).

62.    Defendants violated the provisions of the Consumer Legal Remedies Act, including but not limited to California Civil Code §§1770(1)-(3),(5),(9),(10),(14),(16),(18) and (19).

63.    Defendants' conduct threatens an incipient violation of consumer law and/or violates the policy or spirit of such law or otherwise significantly threatens or harms competition.

64.    Defendants' unlawful, unfair, and deceptive business practices as described above, present a continuing threat to members of the public.  Plaintiff and other members of the general public have no other adequate remedy of law.

65.    Defendants' conduct was the proximate cause of the damages suffered by Plaintiff and Class Members.

15

FIRST AMENDED COMPLAINT

66.    As a direct and proximate result of the acts alleged above, Defendants received and continue to hold ill-gotten gains belonging to members of the public.

67.    An action for injunctive relief under the Consumer Legal Remedies Act is specifically authorized under California Civil Code §§1780 and 1782(d).

68.    If Plaintiff succeeds in enforcing these rights affecting the public interest, then attorney's fees may be awarded against Defendants pursuant to California Code of Civil Procedure §1021.5 because a significant benefit has been conferred on the general public by enjoining the Defendants from engaging in unlawful, unfair, and deceptive acts.  Further, the necessity and financial burden of enforcement are such as to make such an award appropriate.

69.    Pursuant to California Civil Code §1782(b), on or about November 6, 2007 Plaintiff provided written notices of Plaintiff's claims regarding violations of the Consumer Legal Remedies Act to Defendants by certified mail return receipt requested and demanded correction and rectification on or before December 6, 2007.  Defendants have failed to rectify or correct the wrongs in response to the written notice provided following the expiration of a reasonable amount of time.

70.    Plaintiff and Class Members have been, and continue to be damaged as a result of Defendants conduct.

71.    Defendants' acts were undertaken deliberately and with intent to deceive and/or defraud thereby entitling Plaintiff and the Class to relief against Defendants in accordance with evidence presented at trial.

### FOURTH CAUSE OF ACTION
### Constructive Fraud California Civil Code §1573

72.    Plaintiff realleges and incorporates by reference paragraphs 1 through 71 above.

73.    By reason of the fact that defendants acted as a broker and loaned money to Plaintiff and Class Members, Plaintiff and Class members reposed and placed their trust and confidence in

16

FIRST AMENDED COMPLAINT

the integrity and fidelity of defendants and each of them. By virtue of their position and expertise and superior knowledge, defendants and each of them assumed fiduciary duties to Plaintiff and the Class.

74.     Defendants owed a duty to Plaintiff and Class Members to act in the utmost good faith and in the best interest of Plaintiff and the Class. Defendant owed to Plaintiff and Class Members the highest duties of loyalty, honesty, fidelity, trust and due care in their fiduciary obligations and were required to properly and timely disclose the fact and amount of all YSP payments it paid to the mortgage broker. Defendants and each of them were required to act in a fair, just and equitable manner and to act in the furtherance of the best interest of Plaintiff and Class Members to benefit their clients, Plaintiff and Class Members, and not themselves. As a result of Plaintiff and Class Members placing their trust and confidence in defendants and each of them, a special confidential relationship was formed.

75.     Defendants breached said duty based on their failure to properly and timely disclose the fact and amount of all YSP payments it paid to the mortgage broker.

76.     Defendants' failure to disclose its premium payments in a timely fashion has harmed the Plaintiff and Class Members. Defendants' untimely disclosure deprived Plaintiff and the Class Members of material information that they could have used to bargain for better loan terms and a lower interest rate if such timely disclosure had been made. The result is that the Plaintiff and the Class have paid, and will continue to pay, more interest than they would have if Defendants had not paid the undisclosed YSP payment.

77.     Plaintiff and Class Members relied on defendants and each of them to their detriment. Therefore, defendants committed a constructive fraud against plaintiffs as defined by Civil Code §1573.

17

FIRST AMENDED COMPLAINT

1    78.    Plaintiff and Class Members have thereby suffered damages in an amount according

2    to proof.

3    79.    In committing the acts described herein, defendants, and each of them, acted

4    despicably and with a conscious disregard of plaintiffs' rights.  Defendants were aware of the

5    probable dangerous consequences of their actions and willfully and deliberately failed to avoid those

6    consequences in that defendants misrepresented, deceived, and concealed from Plaintiff and Class

7    Members facts known or facts that should have been known to them and acted with a conscious

8    disregard of the rights of Plaintiff and Class Members and with the intention of thereby wrongfully

9    inducing Plaintiff and Class Members to borrow money from defendants at inferior terms. The

10   conduct of defendants warrants an assessment of punitive and exemplary damages in an amount

11   appropriate to punish defendants and deter others from engaging in similar wrongful conduct.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be awarded against Defendants, jointly and

severally and in favor of Plaintiff and the Class for the following:

1.    Actual damages;

2.    Injunctive relief as allowed by law;

3.    Restitution as allowed by law;

4.    Statutory damages as provided by California Business and Professions Code §17500

*et seq.*;

18

FIRST AMENDED COMPLAINT

5.    Exemplary and punitive damages as provided by California Business and Professions Code §17500 *et seq.*, California Civil Code §1780 *et seq.* and California Code of Civil Procedure §3294 and §3295;

6.    Costs, including attorney's fees as provided by California Civil Code §1021.5, California Civil Code §1770, 1780(d) or any other provision allowed by law;

7.    Prejudgment interest thereon as provided by California Civil Code §3287 and §3288;

8.    Punitive damages;

9.    Such other and further relief as this Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: December 14, 2007          Respectfully submitted,

AIDIKOFF, UHL & BAKHTIARI

By: _____
Ryan K. Bakhtiari, Esq.,
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone (310) 274-0666
Telecopier (310) 859-0513
Email rbakhtiari@aol.com

David Harrison, Esq.
**LAW OFFICES OF DAVID HARRISON**
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone (310) 499-4732
Telecopier (310) 499-4740
Email dshesq@gmail.com

19

FIRST AMENDED COMPLAINT

David Spivak, Esq.
**THE SPIVAK LAW FIRM**
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone (310) 499-4730
Telecopier (310) 499-4739
Email david@spivaklaw.com

Thomas A. Hargett, Esq.
(*pro hac vice* motion to be filed)
**MADDOX HARGETT & CARUSO, P.C.**
10100 Lantern Road, Suite 150
Fishers, IN 46037
Telephone (317) 598-2052
Telecopier (317) 598-2050
E-mail tahargett@mhclaw.com

David P. Meyer, Esq.
(*pro hac vice* motion to be filed)
Patrick G. Warner, Esq.
(*pro hac vice* motion to be filed)
**DAVID P. MEYER & ASSOCIATES CO., LPA**
1320 Dublin Road, Suite 100
Columbus, OH 43215
Telephone (614) 358-3283
Telecopier (614) 224-6066
Email dmeyer@dmlaws.com
Email pwarner@dmlaws.com

Attorneys for Plaintiffs

20

FIRST AMENDED COMPLAINT

**61**

<u>PROOF OF SERVICE BY MAIL</u>

STATE OF CALIFORNIA        )
                               ) SS
COUNTY OF LOS ANGELES   )

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action. My business address is 9454 Wilshire Boulevard, Suite 303, Beverly Hills, California 90212.

      On December 14, 2007, I served the foregoing: **FIRST AMENDED COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Beverly Hills, California, addressed as follows:

Naomi A. Carry, Esq.
Dykema Gossett, LLP
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Thomas M. Hanson, Esq.
Dykema Gossett, LLP
2723 South State Street, Suite 400
Ann Arbor, Michigan 48104

**[X]** (BY MAIL)
**[X]**    I deposited such envelope with **[X]** first-class [ ] certified-mail postage thereon fully prepaid in the U.S. mail at Beverly Hills, California.
**[X]**    I am employed by Aidikoff, Uhl & Bakhtiari and am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  On said date I placed such sealed envelope(s) for collection and certified mailing following said ordinary business practice.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid for certified or first-class mail at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than 1 day after date of deposit for mailing.
[ ]    (BY FEDERAL EXPRESS)
[ ]    (BY TELECOPIER) In addition to service by mail as set forth above, the counsel by whose name an asterisk appears was also forwarded a copy of said document(s) by telecopier.
[ ]    (BY MESSENGER)  I delivered such envelopes(s) by hand to the office(s) of the addressee(s) during regular business hours on said date.
[ ]    (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
**[X]**    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DATED: December 14, 2007

_____
LEILA KARIMI

21

FIRST AMENDED COMPLAINT

# EXHIBIT 5

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/27/08 | DEPT. 1 |
| HONORABLE Lee Smalley Edmon    JUDGE | F. MOREAU    DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | J. HERNAND, C.A.    ELECTRONIC RECORDING MONITOR |
| #10. | |
| NONE    Deputy Sheriff | NONE    Reporter |

| | | |
|---|---|---|
| 8:30 am | BC378843 | Plaintiff Counsel |
| | JOEL RIVERA | NO APPEARANCES. |
| | VS | Defendant Counsel |
| | INDYMAC BANCORP INC ET AL | |
| | 170.6 Judge Hess-Pltf | |

**NATURE OF PROCEEDINGS:**

170.6 CCP RE-ASSIGNMENT

Good cause appearing and on order of the Court, the
above matter is reassigned from Judge Robert L. Hess,
Department 24, to Judge Susan Bryant-Deason in
Department 52.

If any appearing party has not yet exercised
a peremptory challenge under 170.6 CCP, peremptory
challenges by them to the newly assigned judge must be
timely filed within the 10 day period specified in
Section 170.6 CCP, with extensions of time pursuant
to CCP 1013 if service is by mail.  Previously non-
appearing parties, if any, have a 15-day statutory
period from first appearance to file a peremptory
challenge (68616(1) Govt. Code).

Counsel for the Defendant/moving party is to give
notice to all parties.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
02/27/08 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the

Page    1 of    2    DEPT. 1

| MINUTES ENTERED |
|---|
| 02/27/08 |
| COUNTY CLERK |



63

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/27/08 | **DEPT.** 1 |

| | | | |
|---|---|---|---|
| HONORABLE Lee Smalley Edmon | JUDGE | F. MOREAU | DEPUTY CLERK |
| | | J. HERNAND, C.A. | |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #10. | | | |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC378843 | Plaintiff Counsel | NO APPEARANCES. |
| | JOEL RIVERA | | |
| | VS | Defendant Counsel | |
| | INDYMAC BANCORP INC ET AL | | |
| | 170.6 Judge Hess-Pltf | | |

**NATURE OF PROCEEDINGS:**

original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: February 27, 2008

John A. Clarke, Executive Officer/Clerk

By: _____
         F. MOREAU

NAOMI A. CARRY, ESQ.
DYKEMA GOSSETT LLP
333 SOUTH GRAND AVE., STE. 2100
LOS ANGELES, CA    90071

                    Page    2 of    2    DEPT. 1

```
MINUTES ENTERED
02/27/08
COUNTY CLERK
```

1  *Joel Rivera vs. Indymac Bancorp, Inc., et al.*

2  ## CERTIFICATE OF SERVICE BY MAIL

3  U.S.D.C. CASE NO.: _____

4  Superior Court Case No.: BC378843

5  I am over the age of 18 and not a party to the within action. I am employed in
6  the County of Los Angeles, State of California by Dykema Gossett LLP. My
   business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California
7  90071-3048.

8  On September 2, 2008, I served the following entitled documents:

9  ### NOTICE OF REMOVAL

10  by placing true and correct copies thereof in sealed envelopes addressed as follows:

11  Ryan K. Bakhtiari, Esq.                David Harrison, Esq.
    Philip M. Aidikoff, Esq.               LAW OFFICES OF DAVID HARRISON
12  Robert A. Uhl, Esq.                    9454 Wilshire Boulevard, Suite 303
    AIDIKOFF, UHL & BAKHTIARI              Beverly Hills, California 90212
13  9454 Wilshire Boulevard, Suite 303     *dshesq@gmail.com*
    Beverly Hills, California 90212        Telephone: 310.499.4732
14  *rbakhtiari@aol.com*                   Facsimile: 310.499.4740
    Telephone: 310.274.0666               *Attorneys for Plaintiffs*
15  Facsimile: 310.859.0513
    *Attorneys for Plaintiffs*

16  David Spivak, Esq.
17  THE SPIVAK LAW FIRM
    9454 Wilshire Boulevard, Suite 303
18  Beverly Hills, California 90212
    *david@spivaklaw.com*
19  Telephone: 310.499.4730
    Facsimile: 310.499.4739
20  *Attorneys for Plaintiffs*

21  I am readily familiar with the firm's business practice for collection and
    processing of correspondence for mailing with the United States Postal Service. On
22  this day, I placed for collection and processing the above document to be deposited
    with the United States Postal Service in the ordinary course of business. And in the
23  ordinary course of the firm's business, such correspondence is deposited with the
    United States Postal Service the same day that it is collected.
24
25  I declare under penalty of perjury under the laws of the United States of
    America that the foregoing is true and correct.

26  Executed on September 2, 2008, at Los Angeles, California.

27

28  _____
    PAS01\84238.1                              Tonya M. Langley
    ID\TMH                          -i-

CERTIFICATE OF SERVICE BY MAIL